

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Lotus Hamrick
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. 0-1242
Re: (a) The Commissioners' Court of Hopkins County may not pay a bounty for the destruction of wolves, coyotes or pocket gophers; (b) It may purchase with county funds poison for the destruction of predatory animals under authority of Article 190, Revised Civil Statutes; (c) It may not pay the sheriff of said county a specific sum for boarding each prisoner in his custody.

Your letter of August 4, 1939, addressed to Honorable William J. Fanning, Assistant Attorney General, has been referred to me for attention.

You request the opinion of this office on the following questions:

(1) "Is it permissible for the Commissioners Court to appropriate $1,000.00 out of the General Fund for the control of wolves and pocket gophers in Hopkins County?"

(2) "Is it permissible for a sheriff who is on a salary to draw 45¢ per day for the feeding of prisoners in jail?"

Mr. Locus Hamrick, Page 2

It is elementary that a Commissioners Court has only such authority as is given by the Constitution and statutes, either expressly or by necessary implication. Since the repeal of Articles 192 and 192a, Revised Civil Statutes, by the Forty-first Legislature, there has been no general statute authorizing such courts to pay a bounty on wolves or coyotes. There are now several special statutes authorizing the Commissioners Courts of certain counties to pay bounties for the extermination of wolves, coyotes, pocket gophers and other predatory animals, but none of them apply to Hopkins County. In the absence of such statutory authority, the Commissioners Court of said county may not legally pay a bounty for the exterminating of either wolves, coyotes or pocket gophers.

We call your attention to Article 190, Revised Civil Statutes, which specifically authorizes the Commissioners Court of any county to purchase the necessary poisons and accessories required by the citizens of the county for the purpose of destroying wolves, coyotes, gophers and many other named predatory animals. This statute has not been repealed, and is controlling. It was so construed by this office in Departmental Opinion No. 2306, dated March 8, 1921, a copy of which is herewith enclosed.

In answer to your second question, you are advised that ever since January 1, 1936, the effective date of Chapter 465, Acts of the Second Called Session of the Forty-fourth Legislature, generally known as the "Officers Salary Act", this office has consistently held that where a sheriff is conpensated on a salary basis, the Commissioners Court is unauthorized to pay him any fee whatsoever for services performed and cannot allow him any specific sum for the boarding of prisoners, but only for actual expenses incurred by him in feeding the prisoners in his custody.

I am herewith enclosing you a copy of an opinion written by Honorable James N. Neff, a former Assistant in this office, dated October 13, 1937, and addressed to Honorable Alvin Pape, County Attorney, Seguin, Texas, wherein the above views are expressed.

Mr. Lotus Hamrick, Page 3


       Hoping that we have given you the information re-
quested, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

BWB:FL

ENCLOSURES

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 11, 1939

ATTORNEY GENERAL OF TEXAS